*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHERRY ANN MOORE,

        Plaintiff-Appellee,

v

GENESEE COUNTY, JOHN GLEASON, and
GENESEE COUNTY ELECTION COMMISSION,

        Defendants-Appellants.

FOR PUBLICATION
June 24, 2021
9:15 a.m.

No. 355291
Genesee Circuit Court
LC No. 20-114613-AW

Before: JANSEN, P.J., and M.J. KELLY and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J.

Defendants, Genesee County, John Gleason, and the Genesee County Election Commission, appeal by right the trial court's order granting plaintiff's motion for a writ of mandamus. Plaintiff, Sherry Ann Moore, sought to have her name placed on the election ballot for November 3, 2020, as a candidate for the Village of Goodrich council. However, defendants refused to certify her name on the ballot, because in her Affidavit of Identity (AOI), plaintiff failed to check a box stating that she was a citizen of the United States and met the statutory and constitutional requirements for the office she sought; she also omitted her ZIP code from her residential address. Plaintiff was, in fact, a citizen of the United States, and she resided in Goodrich at ZIP code 48438. Plaintiff did not correct these errors before the filing deadline had passed, and thereafter, defendants informed plaintiff that her AOI was invalid. The trial court granted plaintiff's request for mandamus and ordered defendants to accept an amended AOI. Plaintiff's name appeared on the ballot, and she was elected to a seat on the Village of Goodrich council. There is no dispute that this matter is moot; indeed, defendants expressly confirmed on the record that they are not seeking plaintiff's removal from office. However, we agree with defendants that the matter should nevertheless be addressed. We conclude that the trial court seriously misunderstood the nature of plaintiff's omission and the limits of its powers, and on that basis, it erred in granting mandamus.

# I. MOOTNESS

The courts will generally refrain from deciding issues that are moot, meaning it is impossible for the court to craft an order with any practical effect on the issue. *Garrett v Washington*, 314 Mich App 436, 449-450; 886 NW2d 762 (2016). "We review de novo whether an issue is moot." *Id*. at 449. As noted, the election is over, and it appears that plaintiff was elected, rendering this matter presumptively moot. See *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014). However, moot issues may nevertheless be addressed if the issue is a matter of public significance, the issue is likely to recur, and the issue is likely to evade judicial review. *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). Defendants argue that it is common for candidacy applicants to make mistakes or omissions in their AOIs, and such mistakes or omissions have resulted in several other judicial proceedings. Accepted at face value, the issue in this matter appears likely to recur, and it affects candidacy applicants beyond the immediate parties to this action. See *id*. at 315-316. We conclude that the issue is a matter of public significance. Furthermore, it is well-recognized that issues affecting election ballots are particularly vulnerable to evading appellate review due to the time constraints typically involved. *Barrow*, 305 Mich App at 660; see also *Meyer v Grant*, 486 US 414, 417 n 2; 108 S Ct 1886; 100 L Ed 2d 425 (1988). Finally, it is clear that the trial court is in need of guidance. We are persuaded that the issue in this matter should be reviewed by this Court.

# II. COMPLIANCE WITH STATUTORY AOI REQUIREMENTS

We first address whether plaintiff's AOI complied with the statutory requirements. We review de novo questions of statutory interpretation, as well as whether a party has a clear legal duty to perform or a clear legal right to that performance. *Christenson v Secretary of State*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 354037), slip op at p 3. If a statute is unambiguous, it must be applied as plainly written, and we may not read any unstated provisions into the statute. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 971 NW2d 584 (2018). We conclude that plaintiff's failure to include her ZIP code did not invalidate the AOI. However, her failure to check the box stating that she was a citizen of the United States and met the appropriate constitutional and statutory qualifications was a fatal defect.

In relevant part, MCL 168.558(2) provides as follows:

> An affidavit of identity must contain the candidate's name and residential address; a statement that the candidate is a citizen of the United States; the title of the office sought; a statement that the candidate meets the constitutional and statutory qualifications for the office sought; other information that may be required to satisfy the officer as to the identity of the candidate; and the manner in which the candidate wishes to have his or her name appear on the ballot. . . .

As an initial matter, we note that MCL 168.558 is located within Chapter XXIV, which governs primary elections, of the Michigan Election Law. General elections are specifically defined as not including primary elections. MCL 8.3s. Nevertheless, catch lines and headings only exist for organizational convenience and are not actually part of any statute. MCL 8.4b. Chapter titles and headings are also nothing more than navigational aids, with no effect upon the meaning of statutory language. *People v Bruce*, 504 Mich 555, 575-576; 939 NW2d 188 (2019). Therefore, the location

of the statute is of no consequence, and the courts have treated MCL 168.558 as applying to all elections. *Gleason*, 323 Mich App at 320 n 5; see also *Citizens Protecting Michigan's Constitution v Secretary of State*, 503 Mich 42, 105 n 197; 921 NW2d 247 (2018). Therefore, plaintiff was required to comply with the AOI requirement in MCL 168.558.

The letter advising plaintiff that her AOI was invalid did not reference her ZIP code, so it does not appear that the omission of a ZIP code from her residential address was deemed invalidating. We note the matter only because it was discussed below. Insofar as we can determine, ZIP codes are not strictly mandatory; rather, they are simply a mechanism used by the United States Postal Service to streamline delivery of mail and improve the likelihood that a letter will not get lost on its way through the system.[1] It therefore appears that ZIP codes are not necessary to constitute a "residential address." Because the statute does not specifically mandate a ZIP code, the provision of a place on the AOI form for a ZIP code does not have the force of law and could not have been grounds for invalidating the AOI. See *Stumbo v Roe*, 332 Mich App 479, ___; 957 NW2d 830 (2020), slip op at pp 5-6. Plaintiff's inclusion of her street number and municipality sufficiently set forth her "residential address" for purposes of MCL 168.558(2).

In contrast, the statute explicitly requires "a statement that the candidate is a citizen of the United States" and "a statement that the candidate meets the constitutional and statutory qualifications for the office sought." Candidate applicants must "strictly comply with the preelection form and content requirements identified in the Michigan Election Law," which includes supplying "a facially proper affidavit of identity." *Stumbo*, 332 Mich App at ___, slip op at p 1. Notably, strict compliance with the content requirements may be achieved even if the applicant fills out the form in an irregular or improper manner. *Id*. at ___, slip op at pp 5-6; *Nykoriak v Napoleon*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 354410), slip op at pp 4-7. Therefore, no reason exists why the statutorily-required statements cannot be adequately made by marking a box on a prepared form stating, "I am a citizen of the United States and I meet the statutory and constitutional requirements for the office sought." However, the trial court erred by confusing the trivially easy manner in which the statements could be made with its subjective, and mistaken, belief that the omission itself was trivial.

To the contrary, the simple fact is that failing to check the box means plaintiff's AOI lacked a statement that she was a citizen of the United States or that she met the constitutional and statutory qualifications for the office sought. The absence of those statements is not a mere irregularity in form. Likewise, unlike omitting a ZIP code, it is not a mere failure to fill in a blank provided by the Secretary of State with helpful but nonessential information. The trial court erred in, apparently, characterizing plaintiff's omission as "a very small error." In fact, as the Michigan Election Law makes clear, it was a critical error that rendered plaintiff's AOI facially invalid. As a consequence, defendants were required by law to refrain from certifying plaintiff as a candidate for the Village of Goodrich council. MCL 168.558(4); see also *Berry v Garrett*, 316 Mich App 37, 43-44, 50-51; 890 NW2d 882 (2016). Under these circumstances, plaintiff had no right to appear on the ballot.

---

[1] < https://faq.usps.com/s/article/ZIP-Code-The-Basics >

III. MANDAMUS

We review a trial court's decision whether to grant a writ of mandamus for an abuse of discretion. *Nykoriak*, ___ Mich App at ___, slip op at p 2. This Court also reviews a trial court's decision whether to grant injunctive or declaratory relief for an abuse of discretion. *Barrow*, 305 Mich App at 662. "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Nykoriak*, ___ Mich App at ___, slip op at p 2 (quotation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). We review "de novo whether the trial court correctly selected, interpreted, and applied the relevant statutes." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013).

In relevant part, a party seeking a writ of mandamus must establish that the party has a clear legal right to performance of a specific duty, and the defendant has a clear legal duty to perform.[2] *Christenson*, ___ Mich App at ___, slip op at p 4. Plaintiff failed to include in her AOI a statement that she was a citizen of the United States or that she met the constitutional and statutory qualifications for the office sought. The AOI was therefore facially invalid. As a consequence, rather than enjoying a clear legal right to defendants certifying her as a candidate for the Village of Goodrich council, defendants in fact had a clear legal duty *not* to certify her as a candidate. To the extent the trial court granted plaintiff's requested writ of mandamus compelling defendants to certify plaintiff as a candidate, the trial court abused its discretion.

Nevertheless, the writ of mandamus at issue did not explicitly order defendants to certify plaintiff as a candidate, but rather to permit plaintiff to amend her AOI. The questions therefore become (1) whether plaintiff had a clear legal right to amend her facially-invalid AOI after the filing deadline had passed, and (2) whether defendants had a clear legal duty to accept plaintiff's amended AOI after the filing deadline had expired. We are unable to find any such right or duty.

As this Court has observed, the Michigan Election Law does not set forth any explicit procedure for resolving challenges to AOIs. *Berry*, 316 Mich App at 43. Nevertheless, the Legislature has set forth an unambiguous deadline: pursuant to MCL 168.381(4), "[n]ominating petitions for village offices must be filed with the appropriate township clerk by 4 p.m. on the fifteenth Tuesday before the general November election." In her complaint, plaintiff calculated that, counting back from the November 2020, general election, the deadline for correcting her AOI was July 21, 2020. We agree. Unfortunately for plaintiff, she filed her AOI one day before that deadline, and her fatal omission was not discovered until several days later.

There is simply no statutory provision for amending an AOI after the deadline has passed. Rather, if a candidacy applicant has failed to comply with the statutory requirements, defendants were immediately under a clear legal duty not to certify the applicant. See *Berry*, 316 Mich App at 43-44. Candidacy applicants must strictly comply with the content requirements of the Michigan Election Law. *Nykoriak*, ___ Mich App at ___, slip op at p 5. Furthermore, "[w]ithin 4 days after the last day for filing nominating petitions or a filing fee, the township clerk shall deliver

---

[2] We need not consider, so we do not discuss, the other requirements.

to the county clerk a list setting forth the name, address, and political affiliation and office sought of each candidate *who has qualified* for a position on the primary ballot." MCL 168.349(3) (emphasis added). After this, the clerk "shall immediately certify to the proper board or boards of election commissioners in the city, county, district, or state the name and post office address of each party candidate whose petitions *meet the requirements of this act*, together with the name of the political party and the office for which he or she is a candidate." MCL 168.552(1) (emphasis added). These statutory provisions further show that, once the deadline has passed, either the candidacy applicant has complied with the requirements, or the candidacy applicant is disqualified, and any inquiry is over. The trial court abused its discretion by ignoring the plain statutory requirements and ordering defendants to accept an amended or corrected AOI after the expiration of the filing deadline.

The trial court appears to have been troubled by the fact that plaintiff actually was a United States citizen and fully qualified to hold the office she sought, the fact that she was rushed filling out the AOI and had no notice that it was incomplete, and the trial court's belief that "it was a very small error." As discussed, the error might have been easily made, but no matter how large or small the check-box, the error was in fact of critical and fatal significance; in other words, it was not a "small" error. The courts may not engraft a post-deadline AOI amendment process into an unambiguous statutory scheme. *McQueer*, 502 Mich 286. It is well-established that whether to do so is, instead, a concern reserved to the Legislature. *Oakland Co Bd of Co Road Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 612-613; 575 NW2d 751 (1998). The trial court did not have the equitable power to order relief in contravention of the applicable statutes. See *Gleason*, 323 Mich App at 321-323. To the extent the trial court based its grant of mandamus on equity, the trial court abused its discretion.

Plaintiff's AOI was facially invalid because plaintiff failed to include a statement that she was a citizen of the United States or that she met the constitutional and statutory qualifications for the office sought. Defendants were therefore legally obligated not to certify plaintiff to appear on the ballot, and no statutory process exists for amending an AOI after the filing deadline. The trial court erred in granting the writ of mandamus. Nevertheless, under the circumstances, we cannot grant any practical relief. We direct that the parties shall bear their own costs, a matter of public significance being involved. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Michael J. Kelly

-5-